IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BREZZY HURST,**<br><br>    **Plaintiff,**<br><br>    **vs.**<br><br>**STEVEN M. YOUNGELSON,**<br><br>    **Defendant.** | Civil Action File No. _____ |

# COMPLAINT

Plaintiff Brezzy Hurst, through the undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Steven M. Youngelson, and shows the Court as follows:

## INTRODUCTION

1.

In this FLSA minimum wage action, Plaintiff Hurst alleges that Defendant Youngelson—her employer—failed to pay her any wages whatsoever and required her to pay out-of-pocket for the privilege of working.

2.

A related case, *Payne v. WBY, Inc.*, Case No. 1:14-cv-00913-SCJ (N.D. Ga. 2014), currently is pending before the Court. Another related case, *Hart v. WBY, Inc. et al.*, Case No. 1:15-CV-67-AT (N.D. Ga. 2015), recently has been terminated after the Parties reached a court-approved settlement.

3.

Plaintiff Hurst also has a pending arbitration action against WBY, Inc., but Defendant Youngelson has maintained that he is not a proper party to the arbitration agreement, has refused to become a party to that action, and thereby has waived his right to compel arbitration of Hurst's claims against him.

### JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, and the Fair Labor Standards Act, ("FLSA") §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Youngelson resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Hurst resides in Cobb County, Georgia.

7.

Youngelson is a resident of Fulton County, Georgia.

8.

Youngelson can be served with process at his residence in Atlanta, Georgia, or wherever he can be found.

9.

Youngelson is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

10.

Hurst worked as an exotic dancer at The Follies in Atlanta, Georgia from at least May 29, 2012 through April 2014.

11.

The Follies' primary business is to provide entertainment in the form of nude and semi-nude dancers as well as to sell alcoholic beverages to customers of the club.

12.

At all times material hereto, Hurst was "engaged in commerce" as an employee of The Follies as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

13.

At all times material hereto, The Follies was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

14.

At all times material hereto, The Follies was an enterprise engaging in interstate commerce by having multiple employees regularly selling alcoholic beverages produced and shipped from outside of the State of Georgia, regularly serving foods produced and shipped from outside of the State of Georgia, and having multiple employees regularly processing out-of-state credit card sales in the furtherance of its business.

15.

During 2012, The Follies had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, The Follies had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, The Follies had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2013, The Follies had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, The Follies had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2013, The Follies had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2014, The Follies had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2014, The Follies had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2014, The Follies had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, The Follies was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

At all times material hereto, Youngelson was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d) inasmuch as he was acting directly or indirectly in the interest of The Follies as its owner, and he controlled the terms and conditions Hurst's employment.

26.

At all times material hereto, Youngelson was directly or indirectly involved in the day-to-day operation of The Follies.

27.

At all times material hereto, Youngelson regularly visited the premises of The Follies.

28.

At all times material hereto, Youngelson regularly communicated with management of The Follies regarding the club's business operations.

29.

At all times material hereto, Youngelson directly or indirectly exercised control and had authority over Hurst's and other Follies employees' compensation.

30.

At all times material hereto, Youngelson directly or indirectly exercised control and had authority over all advertising for The Follies.

31.

At all times material hereto, Youngelson directly or indirectly exercised control and had authority over hiring and firing decisions at The Follies.

32.

At all times material hereto, Youngelson was one of two owners of The Follies who, together with his co-owner, personally stood make a profit or loss from the operation of The Follies and the work of its employees.

33.

At all times material hereto, Youngelson directly or indirectly controlled the rules and policies in effect at The Follies respecting dancer performance and scheduling.

34.

At all times material hereto, Youngelson held himself out as owner of The Follies and served as its public face.

35.

At all times material hereto, Youngelson personally hired legal representation for The Follies and personally made legal decisions on its behalf, especially with respect to its compliance or non-compliance with state and federal wage laws.

36.

At all times material hereto, Hurst was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

37.

At all times material hereto, The Follies and Youngelson paid Hurst no wages whatsoever.

38.

The Follies and Youngelson never informed Hurst of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

39.

At all times material hereto, Youngelson and The Follies required Hurst to pay "fees" to The Follies and to The Follies employees, including but not limited to house moms, DJs, bartenders, and security personnel.

40.

At all times material hereto, Youngelson and the Follies required Hurst to pay fees to The Follies and The Follies employees for reasons other than the pooling of tips among employees who customarily and regularly received tips.

41.

On information and belief, in approximately 1993, The Follies's operations were audited by the Wage & Hour Division of the United States Department of Labor ("Wage & Hour").

42.

On information and belief, the Wage & Hour determined that the dancers employed at The Follies were employees and not independent contractors, and that The Follies must pay them the federally mandated minimum wage.

43.

On information and belief, as part of a settlement with Wage & Hour, Youngelson and The Follies agreed to pay dancers at the Club the federally mandated minimum wage.

44.

On information and belief, since 1993, Youngelson and The Follies have flouted their obligations to Hurst and other dancers at The Follies, have continued to

fraudulently misclassify them as independent contractors, and willfully have failed to pay them minimum wages.

45.

At all times material hereto, Youngelson and The Follies have flouted their obligations to their employees under the Fair Labor Standards Act, not only with respect to dancers, but with respect to tipped employees (e.g., waitresses and bartenders) as well.

### COUNT I — FAILURE TO PAY MINIMUM WAGE

46.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

47.

At all times material hereto, Hurst was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

48.

At all times material hereto, Youngelson and The Follies have failed to compensate Hurst at an hourly rate above or equal to the minimum wage.

49.

At all times material hereto, Youngelson and The Follies willfully failed to compensate Hurst at an hourly rate above or equal to the minimum wage.

50.

Hurst is entitled to payment of her minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

At all times material hereto, Youngelson and The Follies required Hurst to pay monetary fees to other employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

52.

Youngelson and The Follies' requirement that Hurst pay fees to other employees violated the "free and clear" requirement of 29 CFR 531.35.

53.

Because Youngelson and The Follies violated the "free and clear" requirement of 29 CFR 531.35 as alleged above, they were ineligible to utilize the FLSA's tip-credit provision with respect to Hurst's wages.

54.

Hurst is entitled to receive all unpaid minimum wages from Youngelson and The Follies for the hours that she worked.

55.

Hurst is entitled to recover from Youngelson all fees that he required Hurst to pay in order to work at The Follies.

56.

Youngelson's violations of the FLSA's minimum wage provisions with respect to Hurst were willful.

57.

As a result of Youngelson's willful underpayment of minimum wages as alleged above, Hurst is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

58.

As a result of his underpayment of minimum wages as alleged above, Youngelson is liable to Hurst for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Hurst respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Youngelson in unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including her reasonable attorney's fees from Youngelson; and

4. For such other and further relief as the Court deems just and proper.

This 7th day of October 2015.

                                              Respectfully submitted,

                                              **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

                                              */s/ Michael A. Caldwell*

3100 Centennial Tower            Michael A. Caldwell
101 Marietta Street                Ga. Bar No. 102775
Atlanta, Georgia 30303
(404) 979-3150                    */s/ Charles R. Bridgers*
(404) 979-3170 (f)                Charles R. Bridgers
michaelcaldwell@dcbflegal.com    Ga. Bar No. 080791
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com   */s/ Matthew W. Herrington*
                                              Matthew W. Herrington
                                              Ga. Bar No. 275411

                                              Counsel for Plaintiff