IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BREZZY HURST,**<br><br>　　**Plaintiff,**<br><br>　vs.<br><br>**STEVEN M. YOUNGELSON; WBY, INC.**<br>**d/b/a The Follies; STEVEN SHINE; and**<br>**JOHN DOE known as "Cane,"**<br><br>　　**Defendants.** | Civil Action No. 1:15-cv-3560-SCJ |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER:**
**(1) COMPELLING ARBITRATION OF PLAINTIFF'S CLAIMS; (2) DISMISSING**
**THIS ACTION; (3) STAYING DISCOVERY UNTIL THIS MOTION**
**IS RULED UPON; AND (4) AWARDING DEFENDANTS THE FEES**
**AND COSTS INCURRED IN FILING THIS MOTION**

Plaintiff Brezzy Hurst hereby responds in opposition to Defendants' Motion,[1]

showing the Court as follows:

**1.　SUMMARY OF THE ARGUMENT**

In their Motion, Defendants make a number of factual allegations yet fail to

offer any evidentiary support by way of affidavit. Instead, they present two

arbitration agreements that have not been signed by anyone, and one arbitration

agreement signed by Plaintiff and Defendant WBY, but not signed Defendant

---
[1] Dkt. 13.

1

Youngelson, whose signature is explicitly anticipated by the agreement. In short, Defendants have produced no colorable evidence of even a single binding agreement to arbitrate Plaintiff's claims. For that reason, Defendants' request to compel arbitration should be denied. For the same reason, Defendants' request to dismiss this action should be denied.

Defendants' request to stay discovery should be denied as moot. Pursuant to Local Rule 26.2 of this Court, the discovery period will not commence until 30 days after an answer is filed. No Defendant has yet filed an answer, and the discovery period will not commence until after a Defendant does so.

Finally, Defendants' request for fees and costs should be denied because (1) Defendants have failed to allege that they gave Plaintiff the "safe harbor" notice required by Fed R. Civ. P. 11(c)(1); (2) because Defendants have not complied with the "separate motion" requirement of Rule 11(c)(2); and, primarily, (3) because Plaintiff's counsel have complied with all requirements of Rule 11(b) during this litigation.

## 2. FACTUAL BACKGROUND

Ms. Hurst retained her counsel in May 2015 to represent her in connection with FLSA minimum wage claims against her former employer, WBY, Inc., which does

business as "The Follies."[2] In May 2015, Plaintiff entered into a tolling agreement with both WBY and its owner, Steven Youngelson.[3] After settlement negotiations failed, Defendants' counsel claimed that Ms. Hurst was bound by an arbitration agreement, which they were unable to locate.[4] Ms. Hurst recalled signing some sort of arbitration agreement, but did not know exactly what she had signed.[5]

Despite the fact that Defendants could not produce a signed arbitration agreement or even specifically identify that applicable arbitration agreement, Ms. Hurst nevertheless initially agreed to bring her claims against both Defendants in arbitration before Fern Singer.[6] Plaintiff's counsel drafted an "Agreement to Arbitrate Existing Employment Dispute" (hereinafter "Arbitration Agreement").[7] Pursuant to the explicit language of the Agreement, Ms. Hurst agreed to arbitrate "FLSA minimum wage claims by Brezzy Hurst, Claimant, against WBY, Inc., and Steven Youngelson, Respondents."[8] The Agreement included three signature

---

[2] Exhibit 1 (Declaration of Matthew Herrington), ¶¶ 3, 4.
[3] Exhibit 1, ¶ 7, Att. 1.
[4] Exhibit 1, ¶ 8.
[5] Exhibit 1, ¶ 9.
[6] Exhibit 1, ¶ 10.
[7] Exhibit 1, ¶ 11, Att. 2.
[8] Exhibit 1, ¶ 12, Att. 2.

3

spaces for each of the anticipated three parties to the arbitration: Hurst, WBY, and Youngelson.[9]

On October 6, 2015, Plaintiff's counsel signed the Agreement as Ms. Hurst's representative and forwarded it to Defendant's counsel.[10] The same day, Defendants' counsel signed the Agreement on behalf of WBY—but not Youngelson—and forwarded the Agreement to Singer.[11]

Plaintiff's counsel immediately contacted Defendants' counsel, noting that she had not signed on behalf of Mr. Youngelson, and stating that Plaintiff's counsel expected Mr. Youngelson to be a party to the arbitration as well.[12] Defendants' counsel responded that Mr. Youngelson "is not a party to any agreement with the entertainers" and that they "do not agree to include him in any individual capacity."[13]

When Plaintiff's counsel stated that he would have to file suit against Mr. Youngelson if he refused to participate in arbitration, Defendants' counsel responded: "I'm inclined to say file the lawsuit because unless you have some factual allegations against him individually that we have no yet seen or discussed, I

---

[9] Exhibit 1, ¶ 13, Att. 2.
[10] Exhibit 1, ¶ 14
[11] Exhibit 1, ¶ 15, Att. 2.
[12] Exhibit 1, ¶ 16, Att. 3.
[13] Exhibit 1, ¶ 17, Att. 3.

4

see no basis for personal liability here."[14] Later that day, during an afternoon scheduling call with Singer, Ms. Nordstrom repeated her position that Mr. Youngelson was not a proper party to the arbitration and was not bound by any arbitration agreement.[15]

During that afternoon scheduling call, Ms. Nordstrom again complained that she was unaware of any factual allegations that would render Mr. Youngelson an employer within the meaning of the FLSA.[16] However, as of that time Plaintiff's counsel had made no factual allegations concerning the employment relationship of *either* of the two Defendants, because formal pleadings are generally not required in arbitration and none had been filed at that point.[17]

Singer then suggested that Ms. Hurst submit a written complaint detailing her allegations so that she could determine whether or not Mr. Youngelson was a proper party.[18] Plaintiff's counsel responded that while he was willing to submit a written complaint, he could not agree at that time to such an impromptu dispositive motion procedure.[19] Plaintiff's counsel also stated that it was not proper for an arbitrator to determine whether an individual is a proper party (1) prior to

---
[14] Exhibit 1, ¶ 18, Att. 3.
[15] Exhibit 1, ¶ 20.
[16] Exhibit 1, ¶ 21.
[17] Exhibit 1, ¶ 19.
[18] Exhibit 1, ¶ 23
[19] Exhibit 1, ¶ 24.

discovery, and (2) prior to that individual even consenting to be bound by the arbitrator's decision.[20] Singer inquired of Ms. Nordstrom whether Mr. Youngelson would agree to be bound by her decision.[21] Defendants' counsel stated only that she believed she could convince Mr. Youngelson to go along with Singer's determination, but did not agree that Mr. Youngelson would submit himself to binding arbitration prior to Singer's determination.[22]

Because Mr. Youngelson refused to be bound in advance by any determination by the arbitration—and never changed or clarified his written position prior to being notified of this lawsuit—Plaintiff's counsel filed a Complaint against Mr. Youngelson on behalf of Ms. Hurst in this Court on October 7, 2015.[23]

Defendants have filed a Motion seeking an order compelling arbitration of Ms. Hurst's claims, dismissal of this action, a stay of discovery, and sanctions in the form of fees and costs incurred in bringing their Motion.[24] In support of their Motion, Defendants have attached two unsigned arbitration agreements and the Agreement to Arbitrate Existing Employment Dispute, which is signed only by

---

[20] Exhibit 1, ¶ 24.
[21] Exhibit 1 ¶ 25.
[22] Exhibit 1, ¶ 26.
[23] Exhibit 1, ¶ 27.
[24] Dkt. 13.

WBY and Hurst.[25] Defendants have attached no affidavits or other materials in support of the factual allegations made in their Motion and Brief.

**3. ARGUMENT AND CITATIONS TO AUTHORITY**

**A. Arbitration Agreements as Contracts**

"Arbitration is simply a matter of contract."[26] Accordingly, when determining whether an arbitration agreement exists, state contract law governs. Under Georgia contract law, "a definite offer and complete acceptance, for consideration, create a binding contract."[27] "An offer may be accepted . . . either by a promise to do the thing contemplated therein, or by the actual doing of the thing. The offer must be accepted in the manner specified by it; and if it calls for a promise, then a promise must be made . . . ."[28]

Arbitration agreements have been determined "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract."[29] Georgia state contract law governs the issue whether an enforceable arbitration agreement exists.[30] "Generally applicable contract

---

[25] Dkt. 13-2, 13-3.
[26] *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).
[27] *Moreno v. Strickland*, 567 S.E. 2d 90, 92 (Ga. Ct. App. 2002) (citations and punctuation omitted).
[28] *Id.* (internal quotation marks omitted).
[29] *Caley v. Gulfstream Aerospace Corp.* 428 F.3d 1359, 1367 (2005).
[30] *Id.*

defenses…may invalidate arbitration agreements to which the FAA applies."[31] The question of whether an enforceable agreement exists is a question for th[e] Court.[32]

"Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect."[33] The Court must apply a three-prong test in order to determine whether arbitration should be compelled. The Court must assess whether: (1) there is a valid written agreement to arbitrate; (2) the issue sought to be arbitrated is arbitrable under the agreement; and (3) the party asserting the claims has failed or refused to arbitrate the claims.[34]

### B. Factual Allegations Must Be Supported by Affidavits or Other Evidence

The Local Rules of this Court require that, with respect to "[e]very motion . . . . If allegations of fact are relied upon, supporting affidavits must be attached to the

---

[31] *Miller v. GGNSC Atlanta, LLC,* 323 G.App. 114, 117 (2013) 746, S.E. 2d 680, 684.
[32] *Young v. Quixtar Inc.* No. 1:07-cv-02310-WSD, 2008 WL 269516 at *2 (N.D.Ga Jan.29, 2008).
[33] *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1119 (11th Cir. 2009) (citations omitted).
[34] *Lomax v. Woodmen of World Life Ins. Soc'y,* 228 F. Supp. 2d 1360, 1362 (N.D. Ga. 2002).

memorandum of law."[35] "The court, in its discretion, may decline to consider any motion or brief that fails to conform to th[at] requirement[]."[36]

This Court and others in this Circuit have had many occasions to consider motions filed without evidence to support the allegations made therein. "[A]rguments in briefs are not evidence" and when a party presents only bare allegations in support of its motion, the correct course of action is to disregard those allegations.[37] When necessary, the court may deny a motion in its entirety for failure to attach supporting evidence.[38] Moreover, as numerous courts in this Circuit have held, when a party has failed to present evidence in support of its motion, it may not then cure its failure by attaching affidavits to its reply brief

---

[35] LR 7.1(A)(1) (N.D. Ga.).
[36] LR 7.1(F).
[37] *State Farm Fire & Cas. Co. v. Lacks*, 840 F. Supp. 2d 1292, 1297 (M.D. Ala. 2012) (citing *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 872 (11th Cir. 2011)); *see also Dawley v. NF Energy Sav. Corp. of Am.,* No. 6:07-cv-872-Orl-19DAB, 2007 U.S. Dist. LEXIS 84958, at *13 (M.D. Fla. Nov. 16, 2007) ("statements and arguments of counsel are not evidence") (quoting *United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990); *Weaver v. Mateer & Harbert, P.A.*, No. 5:09-cv-514-Oc-34TBS, 2012 U.S. Dist. LEXIS 104771, at *46-47 (M.D. Fla. July 27, 2012).
[38] *See, e.g., TCC Air Servs. v. Schlesinger*, No. 05-80543-CIV, 2009 U.S. Dist. LEXIS 21010, at *19-20 (S.D. Fla. Mar. 5, 2009).

without a showing of good cause, and any such reply affidavits should be stricken.[39]

### C. Defendants have failed to allege sufficient facts to show that a valid arbitration agreement exists

#### i. *Defendants have presented virtually no evidence in support of their Motion*

In this case, Defendants have attached to their Motion two blank arbitration agreements—again, with no supporting evidence that either was agreed to by Hurst,[40] the Arbitration Agreement drafted by Plaintiff's counsel and signed on behalf of Hurst and WBY only,[41] and a Brief.[42] Plaintiff's Motion and Brief contain page after page of factual allegations wholly unsupported by any record evidence. The Arbitration Agreement (i.e., Dkt. 13-4), which contains the signatures of Plaintiff's counsel and Defendants' counsel on behalf of Plaintiff

---

[39] *See, e.g., Reid v. Lockheed Martin Aero. Co.*, 205 F.R.D. 655, 678 n.30 (N.D. Ga. 2001) ("As a general rule, a party may not submit evidence with a reply that was available but not included with the original motion."); *Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.*, No. 1:11-CV-1358-RWS, 2011 U.S. Dist. LEXIS 131914, at *3 (N.D. Ga. Nov. 15, 2011) ("The Court . . . will STRIKE the reply affidavits as Defendant put forward no good-cause evidence to explain why it did not attach them in the first instance."); *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 311 n. 82 (S.D. Ala. 2006)**;** *Bryant v. Mortg. Capital Res. Corp.*, No. 1:00-CV-671-BBM, 2002 U.S. Dist. LEXIS 28749, at *29-37 n.18 (N.D. Ga. May 31, 2002); *TCC Air Servs.*, 2009 U.S. Dist. LEXIS 21010, at *19-20.
[40] Dkt. 13-2, 13-3.
[41] Dkt. 13-4.
[42] Dkt. 13-1.

Hurst and Defendant WBY, is the only colorable evidence that Defendants have presented. For that reason, the Court should disregard all factual allegations made in the body of Defendants' Motion and Brief not supported by that document alone.

### ii. No valid written agreement to arbitrate exists

In this case, no valid agreement to arbitrate exists because there has been no agreement between the parties has been evidenced. Under Georgia law, any valid contract requires the "assent of [the] parties to the terms thereof."[43] In determining if parties had the mutual assent or meeting of the minds necessary to reach agreement, courts apply an *objective theory of intent* using the perspective of a reasonable man in the position of the other contracting party, or that meaning which the other contracting party knew the first party ascribed to his manifestations of assent.[44]

Since the offeror is master of the offer, " '[a]n acceptance must comply with the requirements of the offer as to the promise to be made or the performance to be

---

[43] O.C.G.A. § 13-3-2; *see also Sheffield v. Whitfield*, 6 Ga. App. 762, 764, 65 S.E. 807 (1909).
[44] *Cox Broadcasting Corp. v. National Collegiate Athletic Ass'n*, 250 Ga. 391, 395, 297 S.E.2d 733 (1982).

rendered.' "[45] Georgia adheres to the view that acceptance of an offer must be "unconditional, unequivocal, and without variance of any sort" in order to form a valid contract (the "mirror image" rule).[46] There can never be an acceptance of only a part of an offer.[47]

In this case, three proposed arbitration agreements have been suggested. As to the first two, attached to Defenants' Motion as Dkt. 13-2 and 13-3, Hurst again notes that Defendant has no adduced any evidence that Ms. Hurst agreed to either one. The unsigned documents themselves are a legal nullity without any proffered evidence of offer, acceptance, and a meeting of the minds. That was Defendants' burden, and they have failed to meet it.

The Arbitration Agreement prepared by Plaintiff's counsel, signed by Plaintiff's counsel on behalf of Ms. Hurst, and then circulated to Defendants' counsel, explicitly anticipated that any arbitration pursuant to the Agreement would include claims against both WBY, Inc. and Steven Youngelson. Moreover, the parties' past dealings—where Youngelson had previously been named as a defendant in a similar case brought by Plaintiff's counsel and where a both Youngelson and WBY

---

[45] *Atkinson v. Cook*, 271 Ga. 57, 58, 518 S.E.2d 413 (1999) (quoting Restatement Second, Contracts § 59 (1981)).
[46] *A & D Asphalt Co., Inc. v. Carroll & Carroll of Macon, Inc.*, 247 Ga. App. 77, 543 S.E.2d 397 (2000) (conditional notice of acceptance of option ineffective).
[47] *Hudgins v. Service Fire Ins. Co. of New York*, 67 Ga. App. 753, 21 S.E.2d 501 (1942).

were both signatories to a tolling agreement with Plaintiff—allow for no other interpretation than that Ms. Hurst intended to agree to binding arbitration of her claims against *both WBY and Youngelson*.[48]

The Agreement remains executory because it has not been accepted by all necessary parties, rendering it a legal nullity incapable of binding anyone. Youngelson's refusal to participate in the arbitration and to be bound by the arbitrator's decisions is clearly evidenced by the email communications of his counsel and by her statements during the parties' scheduling call with the arbitrator.

WBY's "acceptance," such as it is, is ineffectual where it purports to accept only part of Plaintiff's offer. This is not the type of "unconditional, unequivocal" acceptance "without variance" that Georgia contract law requires.

In summary, Defendants were unable to present evidence to either Hurst or this Court of an agreed-upon arbitration agreement executed during her employment. Hurst did have some memory that she signed such an agreement although she could not recall the language or terms. Hurst, therefore, in an effort to conserve judicial resources and cooperate with WBY and Youngelson, agreed to arbitrate all

---

[48] It is also worth noting that the blank arbitration agreements attached to Defendants' Brief also both anticipate litigation of all claims against WBY and its owners and employees in a single arbitration proceeding. Dkt. 13-2, 13-3.

of her claims against all Defendants. The "all Defendants" part of this proposal was critical. This Court is aware that the definition of "employer" under the FLSA is broad and often includes individual owners. Youngelson was certainly aware of this having been named individually, and eventually signing a settlement agreement in a previous FLSA matter. When offered with a reasonable resolution of the arbitration issue, Youngelson then decided to be cute by trying to exclude himself individually from the arbitration after having obtained Ms. Hurst's signature on an arbitration agreement. His counsel went as far as to say, "I'm inclined to say file the lawsuit" when questioned about Youngelson's refusal to be bound by the arbitration and threatened with litigation. Hurst took the only step open to her given that one of the primary Defendants, Youngelson, refused to participate in arbitration and was attempting to wiggle out of ever being held accountable for his actions: she filed her Complaint in this Court.[49]

### D. A Stay of the Discovery Period is Unwarranted

Defendants' request to stay discovery should be denied as moot because no Defendants has yet filed an answer. Pursuant to Local Rule 26.2, the discovery

---

[49] Ms. Hurst is aware that Youngelson may now take the position that his counsel orally changed her client's position in a telephone conference with the arbitrator. If raised in Youngelson's reply, the Court should reject this argument *in toto* because (1) no evidence of such a change was presented in the primary motion such that Plaintiff could respond to it, and (2) such a change contradicts the specific, written position of Youngelson to the contrary.

period in this action will not commence until 30 days after an answer is filed. As a practical matter, no discovery can be conducted until the Court rules on Defendants' Motion and Defendants file their Answers.

### E. Defendants are Not Entitled to Sanctions

Defendants' request for sanctions is mere theatrics and has no basis in law or fact. Local Rule 11(c)(1)(A) "requires a party seeking sanctions to serve — but not file — the motion on the opposing party and give that party 21 days (before filing the motion) to withdraw or correct the document allegedly violating Rule 11."[50] When a defendant fails to provide evidence that he served the plaintiff with such a motion in violation of LR 11(c)(1)(A), the motion must be denied.[51]

Moreover, LR Rule 11(c)(2) requires that any motion for sanctions be filed separately from any other motion. In this case, Defendants' request has been made as an add-on to their Motion to compel arbitration. Again, Defendants have disregarded the local rules of this Court and their Motion should be denied on that basis.

---

[50] *Jackson v. Cintas Corp.*, No. 1:03-CV-3104-JOF, 2004 U.S. Dist. LEXIS 31426, at *4-5 (N.D. Ga. Nov. 4, 2004).
[51] *Id.*

Finally, as is evident from the arguments and facts shown throughout this Response, Plaintiff has complied with all requirements of Rule 11(b).[52] Her Complaint has not been presented for any improper purpose, her claims are warranted by existing law, and her factual contentions will have evidentiary support after a reasonable opportunity to conduct discovery. For all these reasons, Defendants are not entitled to fees and costs, or any other form of sanctions.

**4.    CONCLUSION**

Based on the foregoing, Plaintiff Hurst respectfully requests that the Court DENY Defendants' Motion in its entirety and that it award such other and further relief as it deems necessary, just, and proper.

This 4th day of January 2016.

---

[52] Defendants—who are represented by no less than three partners and one associate of two national law firms—fail to specify in their Motion under what rule or statute they seek to recover fees and costs. For the purpose of this Response, Plaintiff merely guesses that Defendants intended to move for sanctions pursuant to Fed. R. Civ. P. 11.

Respectfully submitted,

/s/ Matthew W. Herrington

| | |
|---|---|
| 3100 Centennial Tower<br>101 Marietta Street<br>Atlanta, Georgia 30303<br>(404) 979-3150<br>(404) 979-3170 (f)<br>michaelcaldwell@dcbflegal.com<br>charlesbridgers@dcbflegal.com<br>matthew.herrington@dcbflegal.com | Michael A. Caldwell<br>Ga. Bar No. 102775<br>Charles R. Bridgers<br>Ga. Bar No. 080791<br>Matthew W. Herrington<br>Ga. Bar No. 275411<br><br>**Counsel for Plaintiff** |

**Certification of Counsel**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing document has been prepared with Times New Roman 14-point font, which is one of the font and point selections approved by the court in LR 5.1(C).

> */s/ Matthew W. Herrington*
> Matthew W. Herrington
> Ga. Bar No. 275411

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BREZZY HURST,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**STEVEN M. YOUNGELSON; WBY, INC.** d/b/a The Follies; **STEVEN SHINE;** and **JOHN DOE** known as "Cane,"<br><br>**Defendants.** | Civil Action No. 1:15-cv-3560-SCJ |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have filed the foregoing document in the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: January 4, 2016.

                                            */s/ Matthew W. Herrington*
                                            Matthew W. Herrington
                                            Georgia Bar No. 275411