IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BREZZY HURST,<br><br>     Plaintiff,<br><br>  vs.<br><br>STEVEN M. YOUNGELSON; WBY, INC.<br>d/b/a The Follies; STEVEN SHINE; and<br>JOHN DOE known as "Cane,"<br><br>     Defendants. | Civil Action No. 1:15-cv-3560-SCJ |

---

### DECLARATION OF MATTHEW W. HERRINGTON

---

I Matthew W. Herrington, pursuant to 28 U.S.C. § 1746, hereby swear and affirm under penalty of perjury as follows:

1.    My name is Matthew W. Herrington. I am over the age of majority, suffer no legal disabilities, and am a resident of the State of Georgia. I have personal knowledge of the facts stated herein.

2.    I am a member of the State Bar of Georgia, am an Associate Attorney at the firm of DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC, and am currently counsel of record for Plaintiff Brezzy Hurst in the above-captioned matter.

3.     Ms. Hurst retained DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC, in May 2015 to represent her in connection with her FLSA minimum wage claims against her former employer, an Atlanta gentlemen's club known as "The Follies."

4.     The Follies is the trade name of WBY, Inc.

5.     I have previously represented a client in litigation with both WBY and its owner, Steven Youngelson (hereinafter "Defendants"), namely *Hart v. WBY, Inc. and Steven M. Youngelson*, 1:15-cv-67-AT (N.D. Ga.). That litigation concluded with a confidential settlement, which was approved by Judge Totenberg. Mr. Youngelson signed that agreement on behalf of both WBY and himself personally.

6.     Having previously engaged in litigation with Defendants, after being retained by Ms. Hurst I contacted Defendants' counsel for the purpose of pre-suit negotiations in May 2015.

7.     Both WBY and Youngelson entered into a Tolling Agreement with Ms. Hurst on May 29, 2015. See Attachment 1.

8.     After settlement negotiations failed, Defendants' counsel stated that Ms. Hurst was bound by an arbitration agreement, which they were unable to locate.

9.     Ms. Hurst recalled signing some sort of arbitration agreement, but did not know exactly what she had signed.

10.   Despite the fact that Defendants could not produce a signed arbitration agreement or even specifically identify the applicable arbitration agreement, Ms. Hurst nevertheless agreed to bring her claims against both Defendants in arbitration before Fern Singer.

11.   To facilitate the arbitration, I drafted an "Agreement to Arbitrate Existing Employment dispute." See Attachment 2.

12.   Pursuant to the Agreement, Ms. Hurst agreed to submitted the following matter to binding arbitration before Singer: "FLSA minimum wage claims by Brezzy Hurst, Claimant, against WBY, Inc., and Steven Youngelson, Respondents." See Attachment 2.

13.   The Agreement included three signature spaces for each of the anticipated three parties to the arbitration: Hurst, WBY, and Youngelson. See Attachment 2.

14.   On October 6, 2015, I signed the Agreement as Ms. Hurst's representative and forwarded it to Defendant's counsel, Tamika Nordstrom. See Attachment 2.

15.   The same day, Ms. Nordstrom signed the Agreement on behalf of WBY, but not Youngelson, and forwarded the Agreement to Singer. See Attachment 2.

16.   I immediately contacted Ms. Nordstrom noting that she had not signed on behalf of Mr. Youngelson, and stating that we expected Mr. Youngelson to be a party to the arbitration as well. See Attachment 3.

17.   Ms. Nordstrom responded that Mr. Youngelson "is not a party to any agreement with the entertainers" and that they "do not agree to include him in any individual capacity." See Attachment 3.

18.   After I responded that we would have to file suit against Mr. Youngelson if he refused to participate, Ms. Nordstrom responded: "I'm inclined to say file the lawsuit because unless you have some factual allegations against him individually that we have no yet seen or discussed, I see no basis for personal liability here." See Attachment 3.

19.   I had never previously provided Singer or Defendants' counsel any factual allegations concerning the employment relationship between Ms. Hurst and either WBY or Youngelson given that no formal pleadings are generally required in arbitration.

20.   Later that day, during our afternoon scheduling call with Singer, Ms. Nordstrom repeated her position that Mr. Youngelson was not a proper party to the arbitration and was not bound by any arbitration agreement.

21.   During that afternoon scheduling call, Ms. Nordstrom complained that she was unaware of any factual allegations that would render Mr. Youngelson an employer within the meaning of the FLSA.

22.   Ms. Hurst did not make the same complaint regarding the employer status of WBY, although we had made no factual allegations about the employer status of either Defendant.

4

23.   Singer then suggested that Ms. Hurst submit a written complaint detailing her allegations so that she could determine whether or not Mr. Youngelson was a proper party.

24.   I responded that while I was willing to submit a written complaint, I could not agree at that time to such an impromptu dispositive motion procedure. I also stated my position that it was not proper for an arbitrator to determine whether an individual is a proper party (1) prior to discovery, and (2) prior to that individual even consenting to be bound by the arbitrator's decision.

25.   Singer inquired to Ms. Nordstrom whether Mr. Youngelson would agree to be bound by her decision.

26.   Ms. Nordstrom stated that she believed she could convince Mr. Youngelson to go along with Singer's determination, but did not agree that Mr. Youngelson would submit himself to binding arbitration prior to any determination by Singer regarding his employer status.

27.   Because Mr. Youngelson refused to be bound in advance by any determination by the arbitration, and never—at least before being given notice of this lawsuit—changed or clarified his written position refusing to be bound by the outcome of the arbitration, I filed a Complaint against Mr. Youngelson on behalf of my client in this Court on October 7, 2015.

[SIGNATURE PAGE FOLLOWS]

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

This 4th day of January 2016.

/s/ Matthew W. Herrington
Matthew W. Herrington
Georgia Bar No. 275411

ATTACHMENT 1

# TOLLING AGREEMENT

This Tolling Agreement is made and entered into as of *May 29, 2015* by and among WBY, Inc. and Steven M. Youngelson ("Defendants") with respect to any and all claims under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) that may be brought by Brezzy Hurst ("Plaintiff").

## RECITALS

WHEREAS, Plaintiff claims to have been an employee of Defendants, and

WHEREAS, Plaintiff intends to assert claims against Defendants arising out of alleged Fair Labor Standards Act violations during her employment, but has not yet filed a lawsuit asserting any such claims; and

WHEREAS, Plaintiff and Defendants have determined that it is in their respective best interests at this time to enter into this Tolling Agreement.

NOW, THEREFORE, in consideration of the signatures of each of the parties below on this Tolling Agreement and for other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged by each party's signature on this Tolling Agreement, it is hereby agreed by and among the undersigned as follows:

**1. Statute of Limitations Tolled.** The running of any statute of limitations or time limitation that would or might expire after the date of this Tolling Agreement, applicable to any of the claims that might be brought against Defendants by Plaintiff shall be, and hereby is, tolled from May 27, 2015, until such time as either Defendants or Plaintiff informs the other in writing that the Agreement is no longer in force (the "Tolling Period"), without prejudice to any longer period which Plaintiff may have under applicable law.

**2. No Alteration of Period.** Nothing contained herein shall be deemed to shorten any statute of limitations or other time limitation or to retroactively lengthen any statute of limitations or time limitation that may have already expired or passed prior to the date of this Tolling Agreement. It is the intention of the parties hereto to toll the running of any statute of limitations or time limitation that might otherwise lapse during the Tolling Period.

**3. No Suit.** Plaintiff agrees that she shall not initiate any legal action against Defendants prior to the end of the tolling period or at such time as it is determined that the parties will not be able to resolve the claims without litigation.

**4. No Amendment or Waiver.** This Tolling Agreement shall not be amended or waived except in writing signed by a representative of the party against whom such amendment or waiver is sought to be enforced.

**5. Choice of Law.** Georgia law shall govern the interpretation of this Tolling Agreement.

**6. No Admission of Liability.** Nothing contained herein shall constitute an admission of liability in any respect whatsoever by any party whatsoever in regard to any matter whatsoever. Moreover, this Tolling Agreement may not be filed in any court or other proceeding and may not be used for any evidentiary purpose unless a dispute arises over the construction and/or applicability of this Tolling Agreement.

**7. Related Entities.** This Tolling Agreement shall be binding upon and shall inure to the benefit of Plaintiff and Defendants and their respective heirs, executors, administrators, personal representatives, partners, successors and/or assigns.

**8. Counterparts.** This Tolling Agreement may be signed in counterpart originals with the same force and effect as if signed in a single original document.

**9. Entire Agreement.** This Tolling Agreement contains the entire agreement of the parties relating to the subject matter hereof, and no representations, inducements, promises or agreements, oral or otherwise, between the parties not embodied herein shall be of any force or effect.

_____        _____
WBY, Inc.                               Date

By: _____

_____        _____
Steven M. Youngelson                    Date

_Brezzy Hurst_                          5/29/2015
_____        _____
Brezzy Hurst                            Date

WSACTIVELLP:7590468.1

2

## TOLLING AGREEMENT

This Tolling Agreement is made and entered into as of _____, by and among WBY, Inc. and Steven M. Youngelson ("Defendants") with respect to any and all claims under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) that may be brought by Brezzy Hurst ("Plaintiff").

## RECITALS

WHEREAS, Plaintiff claims to have been an employee of Defendants, and

WHEREAS, Plaintiff intends to assert claims against Defendants arising out of alleged Fair Labor Standards Act violations during the time she worked at WBY, Inc. but has not yet filed a lawsuit asserting any such claims; and

WHEREAS, Plaintiff and Defendants have determined that it is in their respective best interests at this time to enter into this Tolling Agreement.

NOW, THEREFORE, in consideration of the signatures of each of the parties below on this Tolling Agreement and for other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged by each party's signature on this Tolling Agreement, it is hereby agreed by and among the undersigned as follows:

**1. Statute of Limitations Tolled.** The running of any statute of limitations or time limitation that would or might expire after the date of this Tolling Agreement, applicable to any of the claims that might be brought against Defendants by Plaintiff shall be, and hereby is, tolled from May 27, 2015, until such time as either Defendants or Plaintiff informs the other in writing that the Agreement is no longer in force (the "Tolling Period"), without prejudice to any longer period which Plaintiff may have under applicable law.

**2. No Alteration of Period.** Nothing contained herein shall be deemed to shorten any statute of limitations or other time limitation or to retroactively lengthen any statute of limitations or time limitation that may have already expired or passed prior to the date of this Tolling Agreement. It is the intention of the parties hereto to toll the running of any statute of limitations or time limitation that might otherwise lapse during the Tolling Period.

**3. No Suit.** Plaintiff agrees that she shall not initiate any legal action against Defendants prior to the end of the Tolling Period or at such time as it is determined that the parties will not be able to resolve the claims without litigation.

**4. No Amendment or Waiver.** This Tolling Agreement shall not be amended or waived except in writing signed by a representative of the party against whom such amendment or waiver is sought to be enforced.

**5. Choice of Law.** Georgia law shall govern the interpretation of this Tolling Agreement.

**6. No Admission of Liability.** Nothing contained herein shall constitute an admission of liability

in any respect whatsoever by any party whatsoever in regard to any matter whatsoever. Moreover, this Tolling Agreement may not be filed in any court or other proceeding and may not be used for any evidentiary purpose unless a dispute arises over the construction and/or applicability of this Tolling Agreement.

**7. Related Entities.** This Tolling Agreement shall be binding upon and shall inure to the benefit of Plaintiff and Defendants and their respective heirs, executors, administrators, personal representatives, partners, successors and/or assigns.

**8. Counterparts.** This Tolling Agreement may be signed in counterpart originals with the same force and effect as if signed in a single original document.

**9. Entire Agreement.** This Tolling Agreement contains the entire agreement of the parties relating to the subject matter hereof, and no representations, inducements, promises or agreements, oral or otherwise, between the parties not embodied herein shall be of any force or effect.

_____          _____ 5/29/15 _____
WBY, Inc.                                 Date

By: _____

_____          _____ 5/29/15 _____
Steven M. Youngelson                      Date

_____          _____
Brezzy Hurst                              Date

WSACTIVELLP:7596407.1

2

ATTACHMENT 2

**Matthew Herrington**

| | |
|---|---|
| **From:** | Nordstrom, Tamika R. <tnordstrom@constangy.com> |
| **Sent:** | Tuesday, October 6, 2015 11:36 AM |
| **To:** | Fern Singer |
| **Cc:** | Matthew Herrington |
| **Subject:** | RE: Hurst/WBY, Inc. et al |
| **Attachments:** | scan0082-C1.pdf |

Attached is the parties' executed agreement to arbitrate.  Thanks!


Tamika R Nordstrom
Partner
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree St., NW, Suite 2400, Atlanta, GA 30303-1557
Direct: 404.230.6791
E-mail: tnordstrom@constangy.com
www.constangy.com

*
-----Original Message-----
From: Fern Singer [mailto:Fern@wattersonsinger.com]
Sent: Wednesday, September 30, 2015 4:18 PM
To: Nordstrom, Tamika R. <tnordstrom@constangy.com>
Cc: Matthew Herrington <matthew.herrington@dcbflegal.com>
Subject: RE: Hurst/WBY, Inc. et al

That is fine.  Send e mail demand and informal agreement to arbitrate.


-----Original Message-----
From: Nordstrom, Tamika R. [mailto:tnordstrom@constangy.com]
Sent: Wednesday, September 30, 2015 3:16 PM
To: Fern Singer
Cc: Matthew Herrington
Subject: RE: Hurst/WBY, Inc. et al

We do not have a formal complaint from the Complainant at this point.  We have an email demand and informal agreement to arbitrate.  I will leave it to Matthew to decide how he would like to proceed with presenting the claims.  If you have a standard agreement that you use for parties, we can review and sign that.  If not and you would like something more formal, Matthew and I can work on it.  Thanks!


Tamika R Nordstrom
Partner
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree St., NW, Suite 2400, Atlanta, GA 30303-1557

1

## Agreement to Arbitrate Existing Employment Dispute

The undersigned Parties agree to submit to binding arbitration by Fern Singer, Neutral, the following matters in dispute:

FLSA minimum wage claims by Brezzy Hurst, Claimant, against WBY, Inc., and Steven Youngelson, Respondents

10/6/15
Date

*Matthew Herrington*
Representative

*Brezzy Hurst*
Party

*Matthew W Hilton*
Signature of Party or Representative

---

10/6/15
Date

*Tamika Nordstrom*
Representative

WBY, Inc. d/b/a Follies
Party

*Jake Nordstrom*
Signature of Party or Representative

---

Date

Representative

Party

Signature of Party or Representative

ATTACHMENT 3

**Matthew Herrington**

| | |
|---|---|
| **From:** | Nordstrom, Tamika R. <tnordstrom@constangy.com> |
| **Sent:** | Tuesday, October 6, 2015 11:53 AM |
| **To:** | Matthew Herrington |
| **Subject:** | RE: Hurst/WBY, Inc. et al |

Let me confirm with him and get back to you.  I'm inclined to say file the lawsuit because unless you have some factual allegations against him individually that we have not yet seen or discussed, I see no basis for personal liability here.


Tamika R Nordstrom
Partner
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree St., NW, Suite 2400, Atlanta, GA 30303-1557
Direct: 404.230.6791
E-mail: tnordstrom@constangy.com
www.constangy.com

*
-----Original Message-----
From: Matthew Herrington [mailto:matthew.herrington@dcbflegal.com]
Sent: Tuesday, October 6, 2015 11:49 AM
To: Nordstrom, Tamika R. <tnordstrom@constangy.com>
Subject: RE: Hurst/WBY, Inc. et al

Then we will have to file suit against him, taking his refusal to participate in the arbitration as a waiver of any ability to compel arbitration.

His participation in his individual capacity is not up for discussion. He will be a party to this arbitration or to a lawsuit.


Matthew W. Herrington
DeLong . Caldwell . Bridgers . Fitzpatrick . Benjamin The Wage and Hour Experts Direct - Facsimile - Text: 404.596.7972 matthew.herrington@dcbflegal.com

3100 Centennial Tower
101 Marietta Street NW
Atlanta, Georgia 30303
404.979.3150
www.dcbflegal.com



-----Original Message-----
From: Nordstrom, Tamika R. [mailto:tnordstrom@constangy.com]

1

Sent: Tuesday, October 6, 2015 11:48 AM
To: Matthew Herrington <matthew.herrington@dcbflegal.com>
Subject: RE: Hurst/WBY, Inc. et al

Steve Youngelson is one of the owners of WBY, Inc. who is not a party to any agreement with the entertainers and has no day to day responsibilities at the club.  We can further discuss but we do not agree to include him in any individual capacity nor do I believe there is any reasonable basis to do so.


Tamika R Nordstrom
Partner
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree St., NW, Suite 2400, Atlanta, GA 30303-1557
Direct: 404.230.6791
E-mail: tnordstrom@constangy.com
www.constangy.com

*
-----Original Message-----
From: Matthew Herrington [mailto:matthew.herrington@dcbflegal.com]
Sent: Tuesday, October 6, 2015 11:38 AM
To: Nordstrom, Tamika R. <tnordstrom@constangy.com>
Subject: RE: Hurst/WBY, Inc. et al

Tamika,

We anticipated that Steve Youngelson would be a party to this arbitration as well. We need his agreement to arbitrate as well.

MWH


Matthew W. Herrington
DeLong . Caldwell . Bridgers . Fitzpatrick . Benjamin The Wage and Hour Experts Direct - Facsimile - Text: 404.596.7972 matthew.herrington@dcbflegal.com

3100 Centennial Tower
101 Marietta Street NW
Atlanta, Georgia 30303
404.979.3150
www.dcbflegal.com



-----Original Message-----
From: Nordstrom, Tamika R. [mailto:tnordstrom@constangy.com]
Sent: Tuesday, October 6, 2015 11:36 AM
To: Fern Singer <Fern@wattersonsinger.com>
Cc: Matthew Herrington <matthew.herrington@dcbflegal.com>