IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BREZZY HURST,** | : |
| | : |
| **Plaintiff,** | :  CIVIL ACTION NO. |
| | :  1:15-cv-3560-SCJ |
| | : |
| v. | : |
| | : |
| **STEVEN M. YOUNGELSON,** | : |
| **WBY, INC. d/b/a The Follies;** | : |
| **STEVEN SHINE; AND JOHN DOE** | : |
| **known as "Cane,"** | : |
| | : |
| **Defendants.** | : |

## ORDER

Having been informed of outstanding discovery disputes among the parties, the Court enters the following order.

Pursuant to the Court's standing order and preferred informal method for resolving discovery disputes (Doc. No. [9]), the Court required the parties to present a written summary of their disputes and held a conference call with the attorneys of record on February 21, 2017.[1] After hearing from counsel, the Court resolves the discovery disputes as follows.

---

[1] The parties presented additional written submissions after the conference, which the Court has reviewed and taken into consideration.

## I. Dispute # 1

The first dispute is raised by Plaintiff and concerns Defendants' supplemental initial disclosures and document production of undisclosed names and declarations of current and former Follies dancers, which were obtained by Defense Counsel during the summer of 2015. The supplemental initial disclosures were filed on February 16, 2017 and the dancers are disclosed as individuals who are likely to have discoverable information that the defense may use to support their claims or defenses. Doc. No. [69], pp. 4, 12–13.[2] Defendants further stated that they "anticipate[d] that one or more Adult Entertainers[3] who have performed at Defendant's Club may be witnesses in regard to the claims and defenses in this case." Id. at p. 12, ¶ J. Discovery in this case was supposed to end on February 17, 2017. Doc. No. [64]. However, after being notified of the discovery dispute, the Court *sua sponte* extended discovery until February 24, 2017 so that the Court could engage its informal discovery dispute conference call/resolution procedure.

---

[2] Defendants' initial disclosures were filed on August 2, 2016. Doc. No. [39].

[3] It appears that Plaintiff has used the phrase "dancers" and Defendants use the phrase "adult entertainers" —for purposes of this order, the phrases refer to the same individuals.

In the context of this discovery dispute, Plaintiff argues that Defendants' failure to produce the identities of dancers/adult entertainers at the onset of the litigation and for half a year after that is inexcusable. Plaintiff's Counsel asserts that had Defendants disclosed these dancers/adult entertainers as potential witnesses earlier, he would have sought to obtain more information. Plaintiff's Counsel also argues harm by the date of the disclosure in that Plaintiff's "ability to prosecute her case and to answer the allegations raised in the [declarations] cannot be cured without significantly extending the discovery period—which would unduly delay the trial and which the Court has indicated it would not do." As a sanction, Plaintiff requests that Defendants be prohibited from using the declarations or testimony of any of the undisclosed dancers/adult entertainers during the liability phase of this case.

In response, Defendants argue that the declarations are their work product and that they did not plan on using them until after Plaintiff essentially persisted with discovery requests and challenges. Defense Counsel stated that the decision to produce the documents was made after going back through their files and two days before the documents were actually produced. Defense Counsel indicated

3

that they did not initially think that the declarations were relevant and denied improper tactics as the goal.

Federal Rule of Civil Procedure 26(a) provides in relevant part that "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses . . . ." Rule 26 further provides that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . **in a timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e) (emphasis added).

After review, the Court finds that Defendants failed to supplement or correct their initial disclosures in a *timely* manner, as the identities of the dancers/adult entertainers was known at the time of the August 2, 2016 initial disclosures and should have been disclosed at that time. The Court recognizes

4

Defendants' work product arguments; however, such arguments would only cover the declarations, not the identities of the individuals. To be clear, the Court does not find that the declarations should have been turned over to Plaintiff's Counsel in the context of initial disclosures—only the identities of the dancers/potential witnesses.[4]

Federal Rule of Civil Procedure 37(c)(1) provides in relevant part that "[I]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D. Ga. 2006). Here, Defendants have not met their burden as their basis for not disclosing the identities of the dancers/adult entertainers was not reasonable and there is evidence of harm to Plaintiff in her inability to answer the allegations of the

---

[4] This Court's ruling on the matter of the declarations squares with the Defendants' case excerpt from Brantley v. Ferrell Electric, Inc., 112 F. Supp.3d 1348, 1357 (S.D. Ga. 2015) ("Recent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work-product rule." Plaintiffs' and the non-parties' executed affidavits remained work product until Plaintiffs' counsel elected to serve and file them. The Court therefore declines to exclude the declarations on this basis.").

declarations in the absence of additional discovery, which this Court is not inclined to grant. Accordingly, the Court finds that Defendants may not use the belatedly disclosed witnesses[5] to supply evidence on a motion, at a hearing, or at trial — liability phase.[6]

## II. Dispute # 2

The second discovery dispute involved Plaintiff's Interrogatory Request No. 16 for Defendants to identify all managers, house moms, DJs, and security personnel who worked at Follies during the relevant time period. Prior to the discovery conference call, Defendants provided the information, with the exception of the contact information for three managers — the contact information for said managers was listed as "c/o of Defense Counsel." Upon questioning, it was revealed that Defense Counsel does not have a formal attorney-client agreement with these managers. Plaintiff's Counsel argued that due to the timing of the production (essentially at the close of discovery), Plaintiff has lost the opportunity to investigate these witnesses. As a sanction, Plaintiff requested

---

[5] Specifically, the fifteen individuals listed at Doc. No. [69], pp. 12–13, ¶ J.

[6] The Court recognizes that Plaintiff only requested exclusion for purposes of the liability phase of the case and asserted that the matter could be reconsidered for the damages phase of the case. Accordingly, the Court limits its exclusion ruling to the liability phase of the case only.

that Defendants also be precluded from using information from these individuals in the liability phase of the case. During the context of the discovery conference call, Defense Counsel indicated that she did not think the information at issue was relevant and necessary. Defense Counsel also indicated that she did not believe any of the individuals (other than the house moms) would be used by the defense in the liability phase of the case. Defense Counsel also noted that there are still some days left in discovery, in that discovery does not close until February 24, 2017.

The Court resolved this issue in the context of the conference call. The Court enters the following order to perfect the record. By **5 p.m., February 21, 2017,** Defense Counsel shall give Plaintiff's Counsel the contact information for the three managers at issue. In light of Defense Counsel's statement concerning non-use of the information, as well as considering the timing of the production of the information (essentially at the close of the discovery without a meaningful time for follow up), the Court **ORDERS** that Defense Counsel may not use information produced on February 21, 2017 in response to Plaintiff's Interrogatory Request No. 16 at summary judgment or at trial — liability phase,

AO 72A
(Rev.8/82)

with the exception of the three managers, who are subject to the 5 p.m., February 21, 2017 contact information/production order.[7]

### III.  Dispute # 3

The final discovery dispute involves Plaintiff's desire to ask individuals whether they had reviewed any documents in preparation for their depositions. Plaintiff's Counsel indicated that he does not wish to conduct additional depositions of the two witnesses at issue, but indicated that the issue would inevitably arise again.  After review, the Court finds that in the absence of a present dispute, Plaintiff is seeking an advisory opinion, which the Court will not provide.[8]

### CONCLUSION

The parties' discovery disputes are resolved in accordance with the above-stated rulings.

**IT IS SO ORDERED,** this 23rd day of February, 2017.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[7]  As with the first discovery issue, this ruling is limited to liability.

[8]  Defense Counsel also raised a discovery issue (about control/individual liability); however, the Court finds that said issue is more appropriate for summary judgment briefing than informal discovery dispute resolution.