IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BREZZY HURST,**<br><br>　　　　**Plaintiff,**<br><br>　　vs.<br><br>**STEVEN M. YOUNGELSON; WBY, INC.**<br>d/b/a The Follies; and **SURREY**<br>**WHITE,**<br><br>　　　　**Defendants.** | **Civil Action No. 1:15-cv-3560-MLB** |

**DEFENDANTS' REPLY OMNIBUS MOTIONS *IN LIMINE* AND
INCORPORATED MEMORANDUM OF LAW**

Defendants WBY, Inc., White and Youngelson respectfully file this Reply in support of their Omnibus Motions in Limine. Given that Plaintiff largely appears to agree with Defendants, or cannot offer any reasonable basis to object other than contending that they don't understand the evidence sought to be excluded, Defendants will quickly review the categories of evidence they seek to exclude, in order of easiest to dispense to least:

**Topic 8: Testimony stating or inferring that Plaintiff paid her state or federal taxes every year during the relevant period or that she did not underreport her income earned from performing as an adult entertainer in those years.**

**Topic 9: Tip-outs, house fees, or unpaid wages she contends she paid and/or is owed for dates falling outside of the relevant time period.**

**Topic 12: Discovery responses of Steve Shine and Cain Allen who were named Defendants when they responded but were quickly dropped when the untenable nature of these claims became undeniable. These individuals should never have**

1

**been named as Defendants and Plaintiff should not be permitted to use discovery they obtained by virtue of filing these improper claims, signed by individuals who were being sued as parties at the time.**

The parties seem to be in agreement regarding Topics 8, 9 and 12.

**Topic 1: Defendant Youngelson's testimony during the bankruptcy proceedings not related to Plaintiff's claims.**

It appears that they parties are in Agreement and to the extent Plaintiff seeks to use such transcripts they will be used as Plaintiff indicates, for impeachment only. Defendants do, however, reiterate their concerns articulated in their Response in Opposition to Plaintiff's Motion in Limine, that if such testimony is used, it is done with a jury instruction explaining the context of same. (Dkt. 195)

**Topic 2: A 1993 audit relating to "Atlanta Club Owners," including any testimony from Scott Schulten regarding that matter, including findings of bad faith or willfulness regarding FLSA defendants who were a part of that audit, or any inference that a similar finding should be made against Defendants here.**

Plaintiff claims that this evidence will also only be used "for impeachment," however, the evidence attached as Exhibiit 1 (Dkt. 196) speaks for itself. It is of marginal value and everyone who represented WBY at the time of this audit, uniformly testified that they knew nothing of it, and Defendants all testified that Mr. Shulten never served as their lawyer or provided advice to them regarding that audit, and testified that they were never a part of that audit. Thus, Defendants remain firm

that this evidence should not be introduced. Moreover, Mr. Shulten has never been included as a witness, so to the extent such evidence is admitted, he must be called so that Defendants have the opportunity to cross-examine.

**Topic 3: Currently-pending or prior FLSA lawsuits against Defendants, including any settlement of same.**

**Topic 4: Defendants' net worth.**

**Topic 5: Defendants' children working at The Follies.**

**Topic 7: Plaintiff's retirement from adult entertainment, her reasons for same, or current employer or employment status.**

**Topic 11: Defendant Youngelson's testimony regarding his opinion of this Court's Order (Dkt. 110) finding liability in favor of Plaintiff or Defendants' intent to appeal this Court's liability Order or other orders issued by this Court as an inference that Defendants have not or will not act in good faith and/or are acting willfully.**

Plaintiff identifies no need for this testimony or relevance to the damages issue as it relates to Topics 3-5, 7 and 11.

**Topic 6: Bennett Alsher's or Ford & Harrison's testimony, files, records, or written correspondence regarding attorney-client privileged advice or work product provided to Defendants after the filing of the Kristin Journigan or Tierra Payne lawsuits, regardless of whether Bennett Alsher identified it as such in his deposition testimony.**

Defendants agree that this is difficult for the Court to enforce, thus, Defendants withdraw this category but note that they will vehemently object to any

3

testimony for the period outside of the stipulated waiver, before the first FLSA lawsuit filed against Defendants.

**Topic 10: Testimony from any current or former entertainer, independent contractor or employee of Defendant not identified by Plaintiff during the discovery period. Plaintiff objected to Defendant's identification of numerous entertainer declarations during the discovery period, and this Court ruled that Defendants could not rely on these individuals' testimony or affidavit for any purposes at summary judgment or trial. Plaintiff never identified these individuals during discovery, and thus, must be held to the same rule, or Defendants should be permitted to introduce previously identified entertainer testimony.**

Plaintiff cannot have it both ways. Her Initial Diclosures are insufficient, and even now she cannot adequately identify the specific witnesses or subject matter amongst the many listed categories each of the "five to 52" entertainers may offer testimony. It would be impossible for Defendants to prepare for such a barrage of witnesses and highly prejudicial at trial. Plaintiff also cannot offer that any of these individuals even knew or worked at the same time as Plaintiff, thus it is unclear what probative testimony they could offer that would outweigh the prejudice caused.

Simply put, she objects to known witnesses who she had the opportunity to depose in this case from offering testimony about which she may or may not have asked questions, but wants to allow in the testimony of individuals never identified by name in the litigation. *See also* Dkt. 82 and Dkt. 110, FN 6 (Court orders

excluding late-disclosed testimony and witnesses for entertainers identified and whom provided affidavit testimony during the discovery period for both summary judgment and trial. To allow this testimony in would be in direct contravention of the rulings Plaintiff successfully requested the Court issue against Defendants.

On behalf of Defendants, respectfully submitted this 11th day of May, 2020.

> **AKERMAN, LLP**
> /s/ Erica V. Mason
> Erica V. Mason
> Ga. Bar No. 141986
> 999 Peachtree St., NE
> Suite 1700
> Atlanta, Georgia 30309
> Telephone: 404-733-9800
> erica.mason@akerman.com
> Counsel for Defendants

## CERTIFICATION OF COUNSEL

Pursuant to LR 7.1, N.D. Ga, the undersigned counsel certifies that the foregoing motion was prepared using Times New Roman 14-point font, one of the font and point selections approved by the Court in LR 5.1, N.D. Ga.

*s/ Erica V. Mason*
Erica V. Mason
Bar No. 141986

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BREZZY HURST,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**STEVEN M. YOUNGELSON; WBY, INC. d/b/a THE FOLLIES; STEVEN SHINE; EDWARD "CAIN" ALLEN; and SURREY WHITE,**<br><br>    **Defendants.** | **Civil Action No. 1:15-cv-3560-MLB** |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed in the Court's CM/ECF system, which will automatically effect service upon all counsel of record.

Dated: May 11, 2020

                                                *s/ Erica V. Mason*
                                                Erica V. Mason
                                                Bar No. 141986